UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CR-00213-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DONALD DODT,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Donald Dodt's Motion to Dismiss Counts Two through Sixteen of the Indictment. Having considered Defendant Donald Dodt's motion and reviewed the pleadings, the Court enters the following Order.

Defendant moves to dismiss the substantive mail and wire fraud charges, Counts Two through Sixteen, arguing that the allegations in the Indictment are insufficient because the Indictment does not allege that Dodt made any material misrepresentations in connection with these Counts and it otherwise fails to allege essential facts underlying the charges.

In considering a Motion to Dismiss a count of an indictment, Rule 7(c)(1), Federal Rules of Criminal Procedure, provides, that an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). It is defendant's burden to show that "the allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 187 (4th Cir. 2004). An indictment is sufficient if it "'contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet.'" United States v. Hooker, 841 F.2d 1225, 1227 (4th Cir. 1988) (quoting Russell v. United States, 369 U.S. 749 (1962)).

The Fourth Circuit's test for sufficiency is whether the indictment sets forth the essential elements of the offense and sufficiently apprises the appellant of the charge so that the appellant may be able to prepare a defense and may be able to plead a former conviction or acquittal in the event of a subsequent charge for a similar offense. United States v. Izuogu, No. 90-5778, 1991 WL 21653, at *3 (4th Cir. June 3, 1991). Important here, sufficiency of the evidence is not to be conflated with sufficiency of the indictment. United States v. Ring, 628 F. Supp. 2d 195, 223 (D.D.C. 2009). On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. For the most part, this does not involve any examination of the evidence. United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006) (internal citations omitted).

Review of the Indictment reveals that the essential facts and all of the elements of the charges of mail and wire fraud have been alleged. As such, the Indictment provides Defendant Dodt with adequate notice of the charges against him, which will allow him to defend himself at trial and avoid any risk of double jeopardy. Defendant Dodt argues that the Indictment is not insufficient because it does not identify that *he* made specific material misrepresentations or omissions or identify specific material misrepresentations that induced the payments sent via mail or wire transfer identified in Counts Two through Sixteen. He is charged and may be found guilty for these substantive offenses as a co-conspirator or by aiding and abetting their commission. As a matter of law, members of a conspiracy are responsible for any substantive acts that he or any of his co-conspirators committed. See United States v. Singh, 518 F.3d 236, 253 (4th Cir. 2008). In addition, a person who aids and abets a crime of mail or wire fraud may also be found guilty of the substantive offense. 18 U.S.C. § 2; United States v. Elbaz, 332 F. Supp. 3d 960 (2018). Thus,

there is no legal requirement that the Indictment necessarily allege that Defendant Dodt directly made a material misrepresentation or omission to be culpable for the offenses charged. Here, that burden is satisfied by alleging that Defendant Dodt was a co-conspirator, that he "caused," or aided and abetted the mail or wire transmission. The Indictment alleges that he did so by providing and maintaining the VoIP services through which the conspirators made calls, including identifying and assigning United States phone numbers, such as phone numbers associated with Washington, D.C., to facilitate concealment of the conspirators' identities and location from which the call actually originated.

Thus, the Court concludes that the Indictment states the essential facts and elements to put Defendant Dodt on notice sufficient to defend against the charges alleged in Counts Two through Sixteen and avoid risk of double jeopardy.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Donald Dodt's Motion to Dismiss Counts Two through Sixteen of the Indictment (#231) is **DENIED.**

Signed: February 4, 2019

Max O. Cogburn Jr
United States District Judge