UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CR-00213-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DONALD DODT,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Donald Dodt's Motion to Dismiss Enhancement Under 18 U.S.C. § 2326. Defendant argues that the sentencing enhancement alleged in the Indictment -- which the Indictment purports is applicable to Counts One through Sixteen -- should be dismissed as unconstitutional.

In relevant part, the disputed provision provides a sentencing enhancement of up to 10 additional years of imprisonment where the specified unlawful conduct victimized or targeted persons over the age of 55. See 18 U.S.C. § 2326. Defendant argues that because such provision does not impose a *mens rae* requirement, the provision is unconstitutional. The Court disagrees.

While the law certainly favors a *mens rae* element, the absence of such an element does not necessarily make a statute unconstitutional. "[T]he absence of this element is not invariably the final word in criminal law." United States v. Taylor, 659 F.3d 339, 344 (4th Cir. 2011). The Supreme Court has explained that there exists

> a now familiar type of legislation whereby penalties serve as effective means of regulation . . . [and] such legislation dispenses with the conventional requirement for criminal conduct—awareness of some wrongdoing. In the interest of the larger good it puts the burden of acting at hazard upon a person otherwise innocent but standing in a responsible relation to a public danger.

1

Morissette v. United States, 342 U.S. 246, 259–60 (1952) (internal quotation omitted). As the Supreme Court has recognized, "it is not unusual to punish individuals for the unintended consequences of their unlawful acts." Taylor, 659 F.3d at 344 (quoting Dean v. United States, 556 U.S. 568 (2009)).

Here, § 2326 is a penalty enhancement that applies only in connection with specified unlawful activity. The *mens rea* requirement associated with the underlying fraud remains unaltered by the enhancement provision and that provision in turn does not criminalize otherwise innocent activity. Instead, § 2326 addresses the manner in which the underlying unlawful activity is carried out, which is different from the statutes discussed in the supporting cases cited by defendant. See Staples v. United States, 511 U.S. 600 (1994). This distinction is important as a conviction for the underlying offense would not be dependent upon the presence or absence of the predicate facts of the penalty enhancement. United States v. McDuffy, 890 F.3d 796, 801 (9th Cir. 2018).

Finally, it is readily apparent that in enacting § 2326, Congress was attempting to deter a particularly troublesome form of criminal activity, fraudulent telemarketing schemes which take advantage of a vulnerable population, the elderly. See H.R. REP. 105-158, 2, 1998 U.S.C.C.A.N. 227, 228 (1997). Clearly, protection of the elderly and improvement of how courts respond to elder abuse in an important public welfare purpose.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Donald Dodt's Motion to Dismiss Enhancement Under 18 U.S.C. § 2326 (#233) is **DENIED**.

Signed: February 4, 2019

Max O. Cogburn Jr
United States District Judge