UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CR-00213-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DONALD DODT,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Sever [and] Objection to Further Continuances.[1] Turning to the Motion to Sever, which has now been fully briefed, the motion will be denied for the reasons that follow.

**FINDINGS AND CONCLUSIONS**

**I.    Motion for Severance: Applicable Standard**

Motions to sever are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure and require a two-step analysis. See 8 Moore's Federal Practice, ¶ 13.03[2] at 13–9 (Matthew Bender). First, defendants must have been properly joined by the Grand Jury in accordance with Rule 8. Second, even if properly joined under Rule 8, joinder must not be unfairly prejudicial to defendant when "weighed against the court's interest in judicial economy" under

---

[1] The Objection to future continuances is overruled as each Motion to Continue that has been allowed thus far has been necessary to afford defendants, including this defendant, sufficient time to prepare an adequate defense, as more particularly addressed by the written Orders of Continuance entered in compliance with the Speedy Trial Act. Indeed, the Court notes that defendant has filed a number of requests for continuances himself. Further, the dispositive motions that the Court has resolved this week would have been sufficient to continue trial in this matter from the January 2019 term. (The Court has been unable to reach these motions due to a month-long trial in another complex fraud prosecution.) The Court will, however, consider defendant's desire for a trial as one of the reasons he has proffered in support of his Motion to Sever.

1

Rule 14.  United States v. Adoma, No. 3:14-cr-00229-MOC, 2017 WL 220132, at *2 (W.D.N.C. Jan. 18, 2017).

Under Rule 8, joinder of defendants in one indictment is appropriate "where the defendants are alleged to have participated in the same act or transaction constituting an offense or offenses against the United States."  Fed. R. Crim. P. 8(a).  The Fourth Circuit strictly adheres to the principle that "when defendants are indicted together, they should be tried together."  United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (citing United States v. Singh, 518 F.3d 236, 255 (4th Cir. 2008)); see also United States v. Medford, 661 F.3d 746, 753 (4th Cir. 2011) ("[T]here is a presumption in favor of joint trials in cases in which defendants have been indicted together."); United States v. Shealey, 641 F.3d 627, 633 (4th Cir. 2011).  This presumption is especially strong in conspiracy cases, such as this one.  See, e.g., United States v. Lawson, 677 F.3d 629, 639 (4th Cir. 2012); United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992); United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986) ("The gravamen of conspiracy is that each conspirator is fully liable for the acts of all coconspirators in furtherance of the conspiracy.  Thus, joinder is highly favored in conspiracy cases, over and above the general disposition towards joinder for reasons of efficiency and judicial economy.").  As such, severance pursuant to Rule 14 is rarely granted. Dinkins, 691 F.3d at 368; United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012) (noting when offenses "are properly joined under Rule 8(a), severance of the offenses is rare").

Rule 14 calls for severance of claims or defendants if the joinder of either is prejudicial. Any such prejudice must be weighed against judicial economy.  Defendants seeking severance face a high burden.  As the moving party, the defendant "must establish that actual prejudice would result from a joint trial."  United States v. Duke, 48 F.3d 763, 767 (4th Cir. 1995) (quotations and citations omitted).  Severance should be granted only where "there is a serious risk that a joint trial

would compromise a specific trial right of one of the defendants," or to "prevent the jury from making a reliable judgment about guilt or innocence." Shealey, 641 F.3d at 633 ("Appellant's theory of injury is indirect at best, since it assumes that the delay strengthened the Government's case and, in turn, weakened his own case. But that fails to articulate any injury to 'a specific trial right.'") (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). It is not sufficient that defendant states he would have a better chance of acquittal if severance were granted. Reavis, 48 F.3d at 767. Prejudice exists where joinder is likely to infringe on defendant's Sixth Amendment right to a fair trial. Adoma, 2017 WL 220132, at *2 (citing United States v. Boffa, 513 F. Supp. 444 (D. Del. 1980)). The moving defendant must, therefore, show his joinder in co-defendants' trial will impair his constitutional right to a fair trial. 8 Moore's Federal Practice ¶ 14.02[1], 14–5, 6 (citing United States v. LaRouche, 896 F.2d 815 (4th Cir. 1990)).

## II. Discussion

As to the first determination, Dodt does not challenge his joinder as a co-defendant under Rule 8. In any event, the indictment against Dodt and co-defendants allege that they were all involved in the same acts and transactions with respect to the same fraudulent venture and conspiracy. As such, the Court finds that Dodt was properly joined as a defendant in this case. As to the second determination, Dodt forwards a number of arguments why severance is necessary to prevent prejudice against him at trial or in reaching trial.

### A. Sixth Amendment Right to a Speedy and Fair Trial

Plaintiff argues that his continued joinder with his codefendants will impact his right to a speedy and fair trial as guaranteed by the Sixth Amendment to the United States Constitution. Essentially, defendant acknowledges that he himself has asked for and received a number of continuances and, having been allowed sufficient time to prepare, he is now ready trial. He

contends that if he is required to further wait for any of his codefendants -- or codefendants who are fugitives but captured before the next term – beyond the March 2019 term, he will be denied his right to a speedy and fair trial.

This action commenced on September 16, 2015, when the Indictment was returned. Despite a warrant issuing that day for his arrest, defendant did not first appear in this matter until more than two years later on October 6, 2017, with arraignment on October 12, 2017.  (Defendant was arrested on October 4, 2017, in Costa Rica.)  Since that appearance, defendant has filed the following motions to continue trial:

>    Motion to Continue (#144)
>    Motion to Continue (#149)
>    Motion to Continue (#171)
>    Motion to Continue (#190)
>    Motion to Continue (#203)

While another defendant moved to continue the matter from the January 2019 term, a number of contested, dispositive motions filed by defendant would have indepedntly necessitated continuance from that term. It does not appear that defendant would have been ready for trial any earlier than the March 2019 term.

Thus, defendant's argument that he is now ready and will not receive a fair trial unless the Court provides him with a trial immediately after *he* reaches that point is of little persuasive value. Instead, this Court considers each motion to continue and whether all defendants have had sufficient time to prepare an adequate defense.  It is, however, not a basis at this point for a severance.

### B. Imputed Evidence

Dodt's second-asserted basis for severance is that evidence of his co-defendants' actions will be imputed to him, thereby preventing him from having a fair trial. Defendant, however, fails to point to any specific trial right that cannot be properly protected by this Court utilizing an appropriate jury instruction that they are to consider each count and each defendant separately. Indeed, the Court just finished a month-long trial involving an equally complex mail and wire fraud conspiracy where the jury expertly parsed the evidence as to each defendant and each charge.

Defendant's argument also overlooks the nature of a conspiracy action as actions of conspirators in furtherance of the conspiracy are imputable to each coconspirator. United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986). Thus, defendant's reliance on "imputed evidence" in support of severance is misplaced. Other evidence, such as Rule 404(b) evidence admitted against one party, can be segregated by an appropriate instruction.

As to arguments concerning relative culpability and the relative nature and quantity of evidence against each defendant, "[a] defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because the evidence against one defendant is not as strong as that against the other." United States v. Strickland, 245 F.3d 368, 384 (4th Cir. 2001).

### C. Defendant's Health Condition(s)

Defendant also argues that his health condition(s) warrant a separate trial. Defendant claims that, because of his age and identified health conditions ("chronic back issues, an abdominal hernia, cholesterol problems, high blood pressure issues, and a heart arrhythmia") additional delay will impact his health. Motion to Sever (#252) at 9-10. Defendant does not claim that he is

suffering from any terminal illness or has he moved this Court to deem him physically incompetent to stand trial.

Severance may be appropriate where a co-defendant's medical condition would greatly extend a trial's duration. See United States v. Gunter, No. 12-394-4, 2013 WL 5942341, at *2 (E.D. Pa. Nov. 5, 2013) (granting a motion to sever based on a defendant's need for dialysis three days per week). Courts have also granted motions to sever defendants on the basis of severe illnesses that create undue delays for their co-defendant. United States v. Stockman, No. 09-50029-KES, 2010 WL 959928, at *1 (D.S.D. 2010) (holding that the delays caused by a seriously ill co-defendant are good cause for severance and that various courts "have reached the same conclusion"); see also United States v. Barnwell, 477 F.3d 844, 847 (6th Cir. 2007) (noting that the trial court granted severance to two co-defendants during trial due to the illness of one of their defense attorneys); United States v. Persico, No. S 84 Cr. 809 (JFK), 1986 WL 4699, at *1 (S.D.N.Y. 1986) (noting that two co-defendants were severed pretrial due to grave illnesses).

Here, the Court cannot find any evidence that continued joinder will adversely impact defendant's health any more or any less than the risks of daily living for anyone of advancing age with age-related chronic illnesses. Further, there is no evidence that defendant is receiving other than adequate medical care while detained pending trial. If defendant's medical needs are not being met, this Court would want to know immediately.

**D.    Efficiency**

While defendant also contends that the evidence against him is minor and that his trial could be swiftly handled, the Court cannot agree. The Court has recent experience with an almost identical conspiracy – albeit an investment scam rather than a sweepstakes scheme – that took nearly a month to try. While defendant's role may well have been limited, as he contends, it is

6

readily apparent that the government is allowed to and <u>will</u> unroll evidence as to all aspects of the alleged sweepstakes scheme by bringing in numerous witnesses, including victims, investigating agents, co-conspirators, and perhaps experts. In addition, the Court is certain that the government will produce and seek to introduce volumes of documentary evidence. The fact that defendant believes little of this evidence is evidence of his own alleged personal acts, while perhaps true, will not impact the length or expense of the government's presentation of evidence – of this, the Court is certain. The government's estimate of at least a week to put on its evidence is, based on that recent experience, a most conservative one. Thus, the convenience to this defendant is substantially outweighed by the cost, inconvenience, and expense to the taxpayer in separate trials.

The Fourth Circuit has long favored limiting instructions to the jury as opposed to requiring multiple trials of the same offense or offenses. <u>See, e.g.</u>, <u>United States v. Mir</u>, 525 F.3d 351, 357–58 (4th Cir. 2008). Limiting instructions are an appropriate remedy to the present situation because they will sufficiently mitigate the likelihood and effects of any potential prejudice against Dodt at trial while also maximizing judicial economy.

∗∗∗

In light of the foregoing, this Court will continue to adhere to the well-established principle that defendants who are charged in the same criminal conspiracy should be tried together. <u>Reavis</u>, 48 F.3d at 767; <u>Brooks</u>, 957 F.2d at 1145. Joint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy. <u>United States v. McManus</u>, 23 F.3d 878, 883 (4th Cir. 1994). For the reasons stated above, the Court enters the following Order denying the Motion to Sever Defendant (#282).

7

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Dodt's Motion to Sever (#252) is **DENIED** and this matter will proceed as a joint trial. His Objection to further continuances is noted, but Overruled as each proposed continuance must be considered in context.

Signed: February 4, 2019

Max O. Cogburn Jr.
United States District Judge