UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CR-00213-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DONALD DODT,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant Dodt's Opposition to Michael Saxon's

Motion for Trial Continuance or, In the Alternative, Severing of his Trial.  Prior to the time for a

Response, the Court reviewed such motion and determined that it was a Motion to Dismiss based

on a violation of constitutional speedy trial and a Renewed Motion to Sever and conveyed that

determination to the parties.  Inasmuch as it was clear that the trial as to Defendant Saxon could

not proceed in March due to a genuine need for that defendant to prepare (as well as an outstanding

motion), the Court granted that motion and continued the matter as to Defendant Saxon and the

remaining co-defendants, excepting out Defendant Dodt for consideration of the above motions.[1]

Review of Defendant Dodt's (hereinafter "defendant's') brief reveals that his demand for

trial in March is based on a number of concerns.  First, defendant argues that a presumption has

already arisen under the Sixth Amendment that his speedy trial rights have been violated and that

further continuance past the March term will only aggravate that constitutional violation.  Second,

defendant has expressed concerns based on his advanced age, his suffering a number of chronic

---

[1] From the outset, the Court notes the government's disagreement with this Court's determination that Defendant
Dodt has moved to dismiss based on a violation of Sixth Amendment speedy trial.  Having reviewed that argument,
the Court finds that where a defendant claims that a speedy trial violation has occurred, that party has -- when the
pleading is read in a manner most favorable to defendant as courts must do -- moved to dismiss.

illnesses, and the fact that he remains detained pending trial. As each of these arguments merit

serious consideration, they will be addressed *seriatim*.

**FINDINGS AND CONCLUSIONS**

I.      **Alleged Violation of Defendant's Right to a Speedy Trial**

Since at least 2006, the Supreme Court has made clear that "speedy trial waivers" are

ineffectual when it comes to statutory speedy trial.  Zedner v. United States, 547 U.S. 489 (2006).

Indeed, the Court of Appeals for the Fourth Circuit has reiterated the point, holding as follows:

> The record establishes that, in granting the pre- *Zedner* continuance
> on March 24, 2006, the district court focused on the speedy trial waivers and
> the schedules of counsel and the court. At no point during the conference did
> the court mention a concern about giving the parties additional time to
> prepare for trial or mention other ends-of-justice factors.
> ***
> *Zedner*'s new interpretation of the Speedy Trial Act imposed stricter
> requirements for granting ends-of-justice continuances. These requirements
> meant, among other things, that the Henrys' speedy trial waivers were
> invalid. The district court acted immediately after *Zedner* was issued,
> bringing the problem to the parties' attention and attempting
> (understandably) to rectify it and keep the case on track. *Zedner*'s strictures,
> however, made it impossible for the district court to square the March 24,
> 2006, continuance with the Act.

United States v. Henry, 538 F.3d 300, 306 (4th Cir.  2008). Although not alleged, the Court

will first consider whether there has been as statutory speedy trial violation and then

consider whether there has been a constitutional speedy trial violation.

A.      **Statutory Speedy Trial**

The Speedy Trial Act provides in relevant part that the time period for a statutory speedy

trial claim under 18 U.S.C. § 3161(c)(1) is measured from "the filing date (and making public) of

the ... indictment, or from the date the defendant has appeared before a judicial officer of the court

in which such charge is pending, whichever date last occurs." Id. Review of the docket reveals that the Indictment was filed September 16, 2015 (#3), that defendant made his first appearance before a judicial officer October 6, 2017 (#s 6, 7 & 8), and that he was arraigned October 12, 2017. See Clerk's Minute Entries.

Review of the docket also reveals that since arraignment (the later date for statutory Speedy Trial purposes), all the time up to an inclusive of the March 2019 docket call is excludable time. Trial was initially set for November 20, 2017. Since then, Defendant filed five motions to continue, resulting in the continuance of his case to November 2018. (Motions to Continue ## 144, 149, 171, 190, 203). On October 23, 2018, upon motion of co-Defendant Stephen Finck, the trial was continued to January 22, 2019. Defendant did not object to this continuance. On November 27, 2018, co-Defendant Michael Saxon was arraigned, pled not guilty, and was joined in the trial set for January 22, 2018.

On January 7, 2019, Defendant Saxon moved to continue the January 2019 trial date to allow counsel time to review discovery and prepare Defendant Saxon's defense. Defendant Saxon requested a continuance to on or after May 1, 2019 due to preparation for a lengthy trial in a separate matter set for April 1, 2019. MTC (#243). Defendant Dodt did not object to the motion or file a motion to sever at that time. The Court granted the motion, but continued the trial to March 18, 2019, instead of May, explaining "[w]hile counsel has requested to the May term due to another trial, the Court finds it best to continue matters from term-to-term as what appears to be a certain April trial when viewed from January may not be so certain in March." Order (#249 at 2, n.1.)

After such continuance was allowed in part, on January 16, 2019, Defendant filed his initial motion to sever, requesting severance from his co-defendants and objecting to any further continuance. On February 5, 2019, the Court denied defendant's Motion. Relevant to the present

3

Motion, this Court denied defendant's Sixth Amendment argument, pointing to defendant's own multiple motions to continue and the number of contested, dispositive motions that would have necessitated continuance from the January 2019 term. Further, the Court rejected defendant's claimed grounds of prejudice, including the one raised again here relating to alleged health issues. Moreover, the Court stressed the presumption and efficiencies in favor of trying members of a conspiracy together. On February 8, 2019, co-defendant Saxon filed his second motion to continue, to which defendant herein objected not to a continuance for that defendant, but to a further continuance of the matter as to him.

Each continuance as to defendant has, in accordance with guidance from the Court of Appeals for the Fourth Circuit, been documented by a written order, has cited to the relevant provision of the Speedy Trial Act, and has provided the Court's reasoning for allowance of each continuance. There has, therefore, been no violation of the Speedy Trial Act as to this defendant.

**B.     Constitutional Speedy Trial**

Distinct from the Speedy Trial Act is the Sixth Amendment right of defendant to a speedy and public trial. To establish a Sixth Amendment violation, a defendant must show that the Barker v. Wingo factors weigh in his favor. See Barker v. Wingo, 407 U.S. 514 (1972). Those factors are: (1) whether the delay was uncommonly long; (2) what the reason was for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. Id. at 530. A one-year delay is generally treated as presumptively prejudicial. United States v. Thomas, 55 F.3d 144, 149 (4th Cir.1995) (citing Doggett v. United States, 505 U.S. 647 (1992)). In considering this motion, the Court will consider the Barker v. Wingo factors.

While delay of more than a year is not usual, the Court cannot conclude that it is uncommon. In complex mail and wire fraud conspiracies involving multiple defendants in foreign

countries, delay in excess of a year is not uncommon. As this Court has discovered in this and other similar fraud cases, review of the gigabytes of ESI discovery can take months, appointment of experts, and substantial funds. And that is just one example as fraud cases seem to be the top cases for "mega case" funding. Indeed, the Court just finished trying a nearly identical mail and wire fraud conspiracy case (albeit a different product), which took over two years to get to trial. While similar in charges, that case did not involve an international conspiracy, extradition, and the complex and costly discovery necessitated by having most of the alleged unlawful conduct occur in another country. Thus, the Court concludes that the delay in this matter is not uncommon. This factor weighs against defendant's Sixth Amendment argument.

As to the reasons for the delay -- which has clearly been more than one year since arraignment -- is specified in the motions and orders as to each continuance applicable to this defendant. Indeed, they were reviewed in the Court's previous Order denying severance. Without repeating those reasons herein, the Court finds such reasons to be in defendant's best interest as most of the time sought was by and for this defendant. The representations made by defendant through counsel in those motions were strong, well founded, and clearly in furtherance of defendant being able to adequately prepare his defense. Further, those continuances have all been in the public's best interest as they further the ends of justice for all concerned as this Court's and the public's central concern is precisely in line with the Sixth Amendment, a fair trial for every defendant. Finally, in considering the prejudice factor, the court can discern no prejudice to the defendant as the reasons for the delay have furthered rather than impeded his substantial liberty interests. This factor weighs against defendant's Sixth Amendment argument.

Next, the Court has considered whether the defendant has asserted his right to a speedy trial. The first assertion of that right was on or about January 16, 2019 and was contained in his

Motion to Sever.  This factor weighs in favor of defendant's Sixth Amendment argument. It is, however, tempered by its relatively late assertion as up until that date, defendant was a major proponent of continuance in aid of his own preparation of an adequate defense.

Finally, the Court has considered whether prejudice has resulted to the defendant.  This prejudice inquiry focuses on "the interests [that] . . . the speedy trial right was designed to protect." United States v. Grimmond, 137 F.3d 823, 829 (4th Cir. 1998). These interests include: "(1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired." Id.   As to the first concern, detention, the Court has gone back and listened to the detention proceedings before the magistrate judge.  At that proceeding, defendant waived hearing as he was then not prepared to meet the government's evidence favoring detention.  Review of the pleadings reveals that defendant – although well within his rights in this district – has not sought further consideration of detention by asking for an additional hearing.[2]  As to the second element, physical and mental health concerns, defendant has pointed to no health condition that is terminal or unusual in a jail setting.  Indeed, in the last Order, this Court specifically advised defendant that if he believed he was receiving inadequate care, this Court wanted to know about it immediately.  The Court has heard nothing.  As to the third, element, it is readily apparent to the Court that defendant's ability to prepare an adequate defense has been in no manner impaired by detention.  Without disclosing any of the defense teams trial strategy, this Court can affirmatively state that defendant has been afforded exceptional counsel and funding with which to put on a defense.  If anything, his

---

[2] Where a defendant waives a detention hearing, this district has traditionally allowed that defendant to ask for a detention hearing at a later date when they are better prepared.  Based on this Court's review of the Pretrial Report and the recording of the detention hearing, one thing that may assist defendant is having his friend who is holding his United States passport in Costa Rica deliver it to defendant's attorney for tender to pretrial services.  While this may well not alleviate the flight concerns of the government or the magistrate judge, it is certainly a step that could be taken if defendant believes he is a candidate for release. To that end, defendant is granted leave to request a detention hearing before the magistrate judge.

continued detention may have assisted his defense as it appears from the pleadings that the only third-party willing to be a custodian resides out-of-state. Defendant has not moved this Court to deem him physically incompetent to stand trial, does not claim that any of these health issues are impacting his ability to stand trial, or specify how additional delay will impact his health and give rise to actual prejudice to his right to a fair trial. This factor weighs against defendant's Sixth Amendment argument.

Based on the balancing of the Wingo factors, defendant's Sixth Amendment speedy trial right has not and will not be violated by a further continuance.

## II. Renewed Motion for Severance

As the Sixth Amendment arguments also form the core of defendant's argument for reconsideration of severance, severance will again be denied for the reasons discussed above and more thoroughly discussed in the previous Order, which is incorporated herein by reference.

In light of the foregoing, this Court will continue to adhere to the well-established principle that defendants who are charged in the same criminal conspiracy should be tried together. Joint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy, United States v. McManus, 23 F.3d 878, 883 (4th Cir. 1994), and no compelling new reasons for severance have been advanced in the instant motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss based on a violation of constitutional speedy trial and Renewed Motion to Sever, which were contained in Defendant Dodt's Opposition to Michael Saxon's Motion for Trial Continuance or, In the Alternative, Severing of his Trial (#272), are **DENIED**.

**IT IS ORDERED** that Defendant Dodt is continued from the March 2019 trial term. The Court finds the delay caused by such continuance shall be excluded in accordance with 18 U.S.C. § 3161(h)(6) as a reasonable period of delay as such defendant is joined with a co-defendant whose case has been continued from the term and as to whom the time for trial has not run and no motion for severance has been granted. This matter is, therefore, continued to the May 2019 term, and the time is excluded.  The time for filing pretrial motions is **ENLARGED** by 60 days.


**IT IS FURTHER ORDERED** that defendant is granted leave to file a request for a detention or bond hearing before a United States Magistrate Judge when and if he is prepared.


Signed: February 22, 2019

Max O. Cogburn Jr.
United States District Judge