UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-CR-213-MOC-DSC-13

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **DONALD DODT,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Renewed Motion for Judgment of Acquittal.[1] (#393). The Government has filed its Response, Defendant has filed a Reply, and the matter is ripe for consideration.

When considering a post-verdict motion for judgment of acquittal, the court assesses whether, taking the evidence in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. See United States v. Higgs, 353 F.3d 281, 313 (4th Cir. 2003) (holding that a conviction must be sustained if there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt") (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir.1996) (en banc)). The court does not weigh the credibility of witnesses but accepts any such determinations made by the jury that are necessarily resolved by the verdict. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997) (holding

---

[1] Defendant has already filed a first motion for judgment of acquittal. The first motion was filed on May 28, 2019, the same day that the jury rendered its verdict in this matter. This Court denied the motion in open Court at the conclusion of the trial and before the jury rendered its verdict.

1

that credibility determinations are reserved for the jury, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe) (internal quotation marks omitted); United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In making a Rule 29 motion, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" Id. (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

The Court has carefully considered the arguments presented by the parties in their respective briefs and the Court finds that, construing the evidence in the light most favorable to the Government, a reasonable finder of fact could accept the evidence presented as adequate and sufficient to support a conclusion of Defendant's guilt beyond a reasonable doubt as to all counts. There is no clear failure by the prosecution in this case to present evidence on each and every element of the offenses charged. The renewed motion for judgment of acquittal will, therefore, be denied.

Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Renewed Motion for Judgment of Acquittal (#393) is **DENIED**.

Signed: January 17, 2020

Max O. Cogburn Jr
United States District Judge