UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-213-MOC-DCS-13

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **DONALD DODT,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (#582). Defendant, a 77-year-old white male who purportedly suffers from hypertension, seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

I. BACKGROUND

On May 28, 2019, Defendant was convicted following a jury trial of conspiracy to commit wire and mail fraud (Count 1), mail fraud and aiding and abetting mail fraud (Counts 2 3), wire fraud and aiding and abetting wire fraud (Counts 9-16), conspiracy to commit international money laundering (Count 17), and international money laundering and aiding and abetting the same (Counts 22-31), all in connection with his participation in a Costa Rica-based fraudulent telemarketing sweepstakes scheme. The Government voluntarily dismissed Counts 4-8 and Counts 18-21 of the Amended Indictment.

This Court sentenced Defendant to 90 months of imprisonment on January 23, 2020. Defendant has filed an appeal in the Fourth Circuit, which was docketed on February 10, 2020.

United States v. Dodt, No. 20-4115 (4th Cir.). On appeal, Defendant challenges the sufficiency of the evidence, various evidentiary rulings, alleged prosecutorial misconduct, the district court's jury instructions, and the procedural reasonableness of his sentence.

Defendant is imprisoned at FCI Morgantown in Morgantown, West Virginia. He has served 41 months (or 45%) of his sentence, and the Bureau of Prisons ("BOP") projects that his statutory release date is October 27, 2023. (Doc. No. 582-1 at 4).

On June 17, 2020, after exhausting his remedies with the BOP and being denied release, Defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) or release to home confinement on the grounds that his advanced age puts him at a high risk of contracting and dying from COVID-19 and that the conditions of prison life are incompatible with social distancing and other measures recommended to stop the spread of COVID-19. (Doc. No. 557). The Court denied that request on June 29, 2020. (Doc. No. 568).

Defendant now brings the pending motion, again seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that his medical history of having hypertension and his advanced age put him at a high risk of contracting and dying from COVID-19.[1] Defendan's motion is denied because Defendant, currently incarcerated at FCI Morgantown in Morgantown, West Virginia, has not shown "exceptional reasons" to support his release based on the COVID-19 pandemic. With respect to COVID-19 concerns, Defendant does not claim to suffer from cancer, chronic kidney disease, COPD, immunocompromised state from solid organ transplant, obesity, serious heart conditions such as heart failure, coronary artery disease, or

---

[1] As the Government notes, Defendant's conviction and sentence are currently pending appeal in the Fourth Circuit, but this Court nevertheless may consider and deny the present motion under Federal Rule of Criminal Procedure 37.

-2-

cardiomyopathies, sickle cell disease, or type 2 diabetes. These are the conditions that the CDC currently states put an individual at an increased risk for severe illness from COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions.html. While Defendant's condition of hypertension is a condition that the CDC states "might" cause "an increased risk for severe illness from COVID-19," id., Defendant has not demonstrated that his particular condition is sufficiently severe. With respect to hypertension, the medical records do not suggest that defendant has severe or uncontrolled high blood pressure. For example, in March 2020, defendant's hypertension was specifically identified as "controlled," consistent with his blood pressure readings. (Doc. No. 583 at 3, 38). That suggests that the medications prescribed are working in controlling his blood pressure. See United States v. Baptiste, 2020 WL 4004122, at *1 (S.D. Fla. July 15, 2020) (denying compassionate release to inmate who had not demonstrated that his hypertension was severe, in part because not "every inmate with higher-than-average blood pressure" should be released "as hypertension is common and not always severe"); United States v. Leija, 2020 WL 3547029, at *7 (S.D. Fla. June 30, 2020) (denying compassionate release to inmate with hypertension because the inmate "does not dispute that he … is taking medications that have brought his cholesterol and hypertension under control" and he "never suggests that his controlled hypertension somehow exposes him to a greater risk of death") (emphasis in original); United States v. Pitcock, 2020 WL 3129135, at *3 (S.D. Fla. June 12, 2020) (denying compassionate release to defendant with hypertension, among other diseases, because the "Defendant does not allege that his health conditions are significantly deteriorating").

Furthermore, Defendant's age alone does not qualify as an extraordinary or compelling

circumstance warranting early release. See United States v. Hiller, No. CR ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (holding that although the defendant was over 65, this alone was insufficient grounds for compassionate release during the COVID-19 pandemic). To qualify, Defendant must show that he suffers from "deteriorating physical or mental health because of the aging process that substantially diminishes" his ability "to provide self-care within the environment of a correctional facility and from which he. . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(III). Defendant's motion provides no evidence that he is suffering from physical or mental deterioration due to his age or that his age prevents him from providing self-care in a correctional facility. Additionally, Defendant's motion will be denied has not shown that the facility where he is detained is specifically unable to adequately manage COVID-19 or treat him should he contract the virus.

Alternatively, Defendant's request for a sentence reduction will be denied because he has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). The § 3553(a) factors strongly disfavor a sentence reduction. Defendant's crimes were serious; he participated in a massive telemarketing sweepstakes fraud by which he and his co-conspirators deprived innocent victims, many of whom were elderly, out of millions of dollars. This Court accordingly sentenced him to a substantial term of 90 months. Defendant has served only 41 months (45%) of this sentence. Granting Defendant early release—when he has served

-4-

Case 3:15-cr-00213-MOC-DSC   Document 586   Filed 11/23/20   Page 4 of 5

less than half of his sentence—would not reflect the seriousness of his offenses, promote respect for the law, or provide just punishment for his crimes. See 18 U.S.C. § 3553(a)(2)(A).

Having thus considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (#582), is **DENIED**.

Signed: November 23, 2020

Max O. Cogburn Jr
United States District Judge